LAING *vs.* LAING.

Improvidence and gross intemperance on the part of the husband and a failure to support his wife, may justify her in leaving him, but do not amount to the extreme cruelty that would justify a divorce *a mensa et thoro;* much less will they convert her leaving into a desertion by him, so as to entitle her to a divorce for it.

---

This cause was submitted on final hearing, upon the pleadings and proofs.

*Mr. Clark,* for complainant.

*Mr. Magie,* for defendant.

THE CHANCELLOR.

The complainant petitions for a divorce on account of the willful, continued, and obstinate desertion of her husband for more than three years. In August, 1865, she left the defendant, her husband, to whom she had been married for seventeen years, and has since lived apart from him. She alleges that she was compelled to leave him on account of his cruel treatment of her, of his continued intemperance, and because he provided no support for herself and her family.

It is claimed that such compulsory leaving, although the going away is her act, amounts to a desertion on the part of the husband.

It is a recognized principle, that when a husband treats his wife with such cruelty or violence that she is obliged to leave him for safety, or to avoid personal injury, this compulsory flight amounts to a desertion by him; and if he does not seek his wife, and try to persuade her to return with promises of amendment, that such absence, if continued for the requisite time, is a willful and obstinate desertion on his part.

But if she leaves him because he is intemperate, improvident, fails to support her, or because his bad temper or intemperance makes her home disagreeable, this is not a desertion on his part. Habitual drunkenness is not, in this state, a ground of divorce. It would become such substantially, if the doctrine should be established that a wife might leave her husband for it, and then have a divorce on the ground that he deserted her. Even extreme cruelty is not a ground of divorce *a vinculo;* and a much less degree of cruelty would justify a divorce *a mensa et thoro,* than it would require to convert a leaving him by the wife, into a desertion by the husband. And to convert a leaving by the wife into a desertion by the husband, she must go away for her own safety, and to protect herself from his violence. The causes of divorce in this state are ample, and I feel no

inclination to increase or extend them by judicial construction.

The defendant was, no doubt, an intemperate and improvident man, and in his fits of drunkenness did sometimes abuse, threaten, and strike his wife. She had twice before left him on these accounts, remained away for a few months, and then returned to live with him, or received him with her. He once knocked her down, once pulled her hair, several times had pinched and pushed her; but he had inflicted no serious injury, and after this treatment she had condoned it, and lived with him again. There does not appear to have been any new violence or cruelty, or threats of violence, that was the cause of her leaving.

She had become tired of a continued life of discomfort with a reckless, intemperate husband, who neither provided for her support or his own, and whose demeanor and conduct in his fits of drunkenness, was an annoyance and disgrace to her and her children, and on this account she left him. These circumstances may have justified her in leaving him, but they do not amount to the extreme cruelty that would justify a divorce *a mensa et thoro*, much less do they authorize her to convert her leaving into a desertion by him, and entitle her to a divorce for it. There are thousands of cases where one party could leave the other and justify it, on stronger grounds than these, and thousands of divorces would be added to numbers now too large. There are many who constantly endure what the complainant left her husband for. Undoubtedly, blows and personal violence are sufficient to authorize a judicial separation, but they must be such as indicate cruelty or malignity. A single blow given in a fit of passion and repented of, or in a drunken spree when reason was dethroned, does not amount to extreme cruelty; nor does it, in many situations and circumstances of life, even if repeated several times in the course of a few years.

Upon a careful consideration of the evidence, in which I have not been aided by the views of counsel, I do not think

that the complainant has established a case in which she was compelled for safety to leave the defendant, so as to convert her leaving into a willful desertion by him.

The prayer of the petition must be denied.